## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 0067R

STATE OF LOUISIANA

VERSUS

MICHAEL LEE JACKSON

Judgment rendered: **SEP 1 8 2020**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 09-16-0008, Sec. II

The Honorable Richard D. Anderson, Judge Presiding

* * * * *

Hillar C. Moore, III
District Attorney
Stacy L. Wright
Assistant District Attorney
Baton Rouge, Louisiana

Attorneys for Appellee,
State of Louisiana


Lieu Vo Clark
Louisiana Appellate Project
Mandeville, Louisiana

Attorney for Defendant/Appellant
Michael Lee Jackson


* * * * *

**BEFORE:  McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**HOLDRIDGE, J.**

Defendant, Michael Lee Jackson, was charged by bill of information with video voyeurism, a violation of La. R.S. 14:283. He pled not guilty. After a trial by jury, defendant was found guilty as charged by a non-unanimous jury verdict. The trial court adjudicated defendant as a fourth-felony habitual offender and imposed a term of 80 years imprisonment at hard labor. Defendant's conviction and sentence are vacated, and we remand to the trial court for a new trial.

This court affirmed defendant's conviction and sentence on appeal. **State v. Jackson**, 2019-0067 (La. App. 1st Cir. 9/27/19), 2019 WL 4739241, at *4 (unpublished). However, the Louisiana Supreme Court granted defendant's writ application and remanded the case to this court "for further proceedings in light of **Ramos v. Louisiana**, 590 U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020)." **State v. Jackson**, 2019-02023 (La. 6/12/20), ___ So.3d ___, 2020 WL 3424906. In the event the "non-unanimous jury claim was not preserved for review in the trial court," the Supreme Court ordered this court to "consider the issue as part of an error patent review." **Id.**; see La. Code Crim. P. art. 920(2).

Defendant did not object to the verdict or challenge the constitutionality of the verdict in the trial court below, however, on error patent review, the minutes reveal the jury verdict was eleven-to-one.[1]

In **Ramos**, 140 S.Ct. at 1397, the United States Supreme Court overruled **Apodaca v. Oregon**,[2] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972) and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment

---

[1] Defendant did raise the claim in his original appeal.

[2] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in **Apodaca**. **Johnson v. Louisiana**, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with **Apodaca**, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts.

2

of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. **Ramos**, 140 S.Ct. at 1406. Thus, given the **Ramos** Court's declaration of the unconstitutionality of non-unanimous jury verdicts, defendant's conviction and sentence based on a non-unanimous jury verdict must be vacated.

## CONCLUSION

For these reasons, we vacate defendant's conviction and sentence and remand to the trial court for a new trial.

**CONVICTION AND SENTENCE VACATED; REMANDED FOR NEW TRIAL.**

3